### A02A0681. IMERMAN v. LONDON.
(564 SE2d 544)

PHIPPS, Judge.

The payees of a promissory note brought suit against the guarantor of the note. In an agreement referred to as a "global settlement agreement," the parties settled the suit and others. The question for decision is whether the global settlement agreement is entire or severable. The superior court concluded that it is severable. We disagree and reverse.

A Georgia limited partnership made a promissory note payable to Bob London and others (London) in the principal sum of $469,982. Jonathan Imerman guaranteed payment of the note but ignored a demand by London to begin making payments on it after default by

---

the maker. As a result, London filed a complaint against Imerman for the accelerated balance due on the note and other damages.

After the parties agreed to the global settlement, the settlement agreement was incorporated into a consent order. The consent order required Imerman to pay $394,981.96 to plaintiffs through both lump sum and installment payments due on various dates, and to release funds garnished in other actions, or to suffer entry of a consent judgment for the balance due. "[I]n consideration of and simultaneous with the execution of this consent order," the parties also agreed to dismiss with prejudice all claims and counterclaims in four other civil actions (including those in which funds were garnished). Under one provision of the consent order, the parties "agreed to execution of mutual releases which include an agreement by each party not to disparage any other party with respect to this case and all others referenced herein."

London filed a motion asking the court below to enforce the consent order by entering a consent judgment, based on Imerman's failure to make payments required by the consent order. Imerman argued that he was authorized to withhold payment of monies due under the consent order because London refused to comply with the provision of the order requiring the execution of mutual releases. The court rejected this argument, ruling: "Under the terms of the consent order, the defendant is entitled to a release from the plaintiff. However, the defendant's obligation to make payments under the consent order is not conditioned upon the defendant's receipt of that release. Thus, the plaintiff's failure to give the defendant a release is irrelevant to the issue of the defendant's default and failure to cure." Imerman appeals.

"Pursuant to OCGA § 13-1-8 (a), a contract may be either entire or severable."[1]

> [A] contract is entire when, by its terms, nature, and purpose, it contemplates that each and all of its parts are interdependent and common to one another and to the consideration, and is severable, when, in its nature and purpose, it is susceptible of divisions and appointment, and has two or more parts in respect to matters or things contemplated and embraced by the contract which are not necessarily dependent upon each other.[2]

---

[1] (Punctuation omitted.) *Bulloch South, Inc. v. Gosai*, 250 Ga. App. 170, 174-175 (1) (b) (550 SE2d 750) (2001).

[2] (Footnotes omitted.) 17A AmJur2d, Contracts, § 417, pp. 442-443 (1991).

In other words, the contract is severable when it "contains promises to do several things based upon multiple considerations."[3]

By their nature, global settlement agreements would tend to be entire rather than severable. If that were not the case, then presumably the parties would have settled each lawsuit individually. In this case, Imerman agreed to pay money for satisfaction of a promissory note on which he was sued as guarantor, to release garnished funds, and to execute mutual releases relating to this action and others. In consideration, London agreed to dismiss claims or counterclaims asserted against Imerman in the other actions and to execute the mutual releases. Because London's agreement to execute the mutual releases provided part of the consideration for Imerman's agreement to pay money, the trial court erred in ruling that the agreement is severable.

The trial court erred in granting London's motion for enforcement of the consent order on the ground of contract severability. London's motion for dismissal of this appeal as frivolous is denied.

*Judgment reversed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002.

*Douglas J. Davis*, for appellant.
*Mullman-Roberts, Roy S. Mullman*, for appellee.

---

[3] (Citation and punctuation omitted.) *Bulloch South*, supra at 175.